UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12-11201-RGS

ADRIAN ESTEBAN SANCHEZ HEREDIA

v.

JEFF GRONDOLSKY, WARDEN

MEMORANDUM AND ORDER

November 26, 2012

STEARNS, D.J.

For the reasons set forth below, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed.

BACKGROUND

On July 2, 2012, petitioner Adrian Estaban Sanchez Heredia, a prisoner in custody at FMC Devens, paid the $5.00 filing fee and filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to challenge his sentence in United States v. Heredia, C.R. No. 2002-396 (N.D. Tex. Jun. 25, 2008).  Petitioner pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) & 941(b)(1)(A)(ii)(II).  Id.  Petitioner was sentenced to 262 months confinement followed by five years supervised release.  Id.

On July 1, 2008, Petitioner filed a direct appeal of his sentence.  See United States v. Heredia, No. 08-10633 (5th Cir. Apr. 30, 2009).  On January 5, 2009, while his direct appeal was pending, Petitioner filed a motion with the sentencing court to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255.  United States v. Heredia, C.R. No. 2002-396 (N.D. Tex.).  On February 11, 2009, the motion was denied without prejudice because petitioner was not entitled to post-conviction relief while his underlying criminal

1

conviction was on appeal. Id. On May 27, 2009, Petitioner's direct appeal was dismissed as frivolous. United States v. Heredia, No. 08-10633 (5th Cir.).

As best can be gleaned from the pro se petition, Heredia argues that (1) his sentence was improperly enhanced based on his role as an organizer of the conspiracy (U.S.S.G. 3B1.1); (2) he was entitled to a downward departure based on the mitigating circumstance that he is a deportable alien; (3) the sentencing court failed to avoid sentencing disparities between defendants who are similarly situated; (4) the government amended the indictment without the Grand Jury; and (5) his sentence should have included downward adjustments for acceptance of responsibility and entering an early plea agreement.

## SCREENING

Although this petition is brought pursuant to Section 2241, the rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001). Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition." Rule 4(b); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).

Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant ... is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not

be granted." 28 U.S.C. § 2243; Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994). Although the instant petition is entitled to a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings), the petition is subject to sua sponte dismissal if it is plainly deficient.

Here, it plainly appears from the face of the petition that petitioner is not entitled to habeas relief, for the reasons discussed below.

## DISCUSSION

Petitioner challenges the validity and duration of his federal sentence rather than its execution. Such challenges generally must be raised pursuant to a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. Under Section 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 provides the primary means of a collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976)(§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

Although under Section 2241 of Title 28 the district court has the power to issue a writ if a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241, the case law is clear that the proper vehicle for a collateral challenge to a criminal conviction and/or sentence is through a motion filed under 28 U.S.C. § 2255 with the sentencing court.

A federal prisoner cannot challenge the legality of his sentence through an

application for a writ of habeas corpus unless it appears that a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute."); United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651"), cert. denied, 528 U.S. 1176 (2000). This "savings clause" or "safety valve" is only triggered "when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)).

The Antiterrorism and Effective Death penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for habeas petitions filed by prisoners in federal custody. 28 U.S.C. § 2255(f). In general, this period runs from "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1). Where, as here, Supreme Court review was not sought, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). In a federal criminal case, a petition for a writ of certiorari must be filed within 90 days of entry of the judgment by a court of appeals. Sup.Ct. R. 13.1. Here, petitioner's conviction became final on May 27, 2009. The one-year limitations period for filing a Section 2255 petition would, in the absence of tolling, have expired one year later on May 27, 2010. Any Section 2255 petition sought to be filed after May 27, 2010, would be untimely.

The time limitations on filing a § 2255 motion and the restrictions on filing second

or successive § 2255 motions do not necessarily render § 2255 inadequate or ineffective. See id. ("Although the petitioner might now be unable to pursue [a] claim via a second or successive petition because of the combination of his own tardiness and AEDPA's gatekeeping provisions, the mere inability to satisfy those requirements does not afford access to the savings clause.").

Here, petitioner simply states that he seeks to bring this action pursuant to 2241(c)(3) and he has not addressed the restrictions on filing Section 2255 motions. In fact, he clearly asserts that this action "is not to be construed as § 2255 Motion or 28 U.S.C. § 2244." See Pet., p. 1.

Although Petitioner filed a Section 2255 motion in the sentencing court while his direct appeal was pending, he has not filed a subsequent Section 2255 motion. Petitioner has failed to show that his Section 2255 remedy is ineffective or inadequate or that his claims could not have effectively been raised at an earlier time. The fact that he may now be barred from filing a Section 2255 petition under the statute's one-year statute of limitations does not make Section 2255 inadequate or ineffective.

In light of all of the above, the Court finds that the instant case seeks Section 2255 relief through a Section 2241 petition, and that Section 2255 is not an inadequate or ineffective remedy to test the legality of petitioner's detention. Consequently, this Court lacks jurisdiction to consider petitioner's habeas challenges under Section 2241.

## ORDER

Based upon the foregoing, it is hereby Ordered that the petition for writ of habeas corpus is DENIED; and this action is DISMISSED.

SO ORDERED.

/s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE